IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHECKA WILLIAMS, | ) | 8:12CV1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL RETARD, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on January 4, 2012. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint against one Defendant, Michael Retard. (Filing No. 1 at CM/ECF p. 1.) In its entirety, the Complaint alleges, "We have a marriage liscence [sic] out of Louisiana and got married[.] [H]e left me in homeless shelter for months." (*Id.* at CM/ECF p. 2.) Plaintiff does not state what relief she seeks from Defendant.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002).

### III. DISCUSSION OF CLAIMS

The court must dismiss this action because it lacks subject-matter jurisdiction over it. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As discussed below, Plaintiff failed to establish either diversity of citizenship jurisdiction or federal question jurisdiction.

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Here, Plaintiff resides in Nebraska and Defendant resides in either New York or Louisiana. (Filing No. 1 at CM/ECF p. 1.) Thus, it appears that Plaintiff's citizenship is different from Defendant's. However, Plaintiff does not allege any amount in controversy, let alone allege an amount greater than $75,000.00.

2

For this reason, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *[Northwest South Dakota Prod. Credit Ass'n v. Smith, 784 F.2d 323, 325 (8th Cir. 1986)](#)*. Liberally construed, Plaintiff does not set forth any specific actions taken by Defendant that violate any constitutional right or support a claim under [42 U.S.C. § 1983](#) or any other federal statute. In short, Plaintiff does not allege that Defendant deprived her of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law. For these reasons, the court lacks subject matter jurisdiction, and the Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (filing no. [1](#)) is dismissed without prejudice. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of February, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.